NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3054

DANIEL R. JONES,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Daniel R. Jones, of Spring Hill, Florida, pro se.

Joan M. Stentiford, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3054

DANIEL R. JONES,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED: June 11, 2008

_____

Before RADER, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

Daniel R. Jones ("Jones") seeks review of a final judgment of the Merit Systems Protection Board ("Board"), sustaining the decision of the United States Postal Service ("USPS" or "agency") to remove him from his position based on charges of abusing leave granted under the Family Medical Leave Act ("FMLA"), Jones v. U.S. Postal Serv., 103 M.S.P.R. 561 (2006) ("Final Decision"), and reversing the administrative judge's decision to mitigate the penalty to a 14-day suspension. Jones v. U.S. Postal Serv., No. AT0752060027-I-1 (M.S.P.B. Feb. 16, 2006). We affirm.

Under 5 U.S.C. § 7703(c), "our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." Abell v. Dep't of the Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003). "The petitioner bears the burden of establishing error in the Board's decision." Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

In his petition for review in this court, Jones argues that it was the USPS's responsibility to require him to report on his status once he was on leave, and that he did not know that he needed to return to work once he was no longer caring for his wife. The regulations, however, state that "an employer may require an employee on FMLA leave to report periodically on the employee's status and intent to return to work." 29 C.F.R. § 825.309(a) (emphasis added). This permissive language neither imposes a duty upon Jones's employer, nor relieves him of his responsibility to take advantage of FMLA leave only when he was "needed to care for" his wife. 29 U.S.C. § 2613(b)(4)(A). The Board cited testimony from Jones establishing that "he knew not to use FMLA sick leave dependent care when he was not caring for his wife," and that "his wife's doctor recognized that leave might be necessary for only 1/2 day." Final Decision, 103 M.S.P.R. at 566-67; see also 29 C.F.R. § 825.203(c)(1) (specifying that the period of leave may be as brief as an hour). We find that the totality of the Board's findings constitute substantial evidence supporting the Board's affirmance of all three agency specifications.

With respect to the agency's allegedly improper reliance on prior disciplinary records, the Board correctly cited Coleman v. Department of Defense, 100 M.S.P.R. 574, 579, 581 (2005) (sustaining removal where the deciding officer would have

removed the employee "even if he had not considered the [employee's] prior discipline"), in sustaining the agency's action here, where the deciding official, William Bishoff, "testified that the charge on its own was sufficient to sustain removal." <u>Final Decision</u>, 103 M.S.P.R. at 567-68.

Finally, in evaluating the reasonableness of the penalty, the Board properly relied on <u>Batten v. United States Postal Service</u>, 101 M.S.P.R. 222, 226 (2006) (acknowledging the agency's "primary discretion" in disciplinary decisions). <u>Accord</u> <u>Schapansky v. Dep't of Transp.</u>, 735 F.2d 477, 484 (Fed. Cir. 1984). As in <u>Batten</u>, the Board in this case particularly identified evidence that the deciding official considered "specific, relevant mitigating factors before deciding upon a penalty." <u>Final Decision</u>, 103 M.S.P.R. at 568-69 (citing testimony of Mr. Bishoff); <u>Batten</u>, 101 M.S.P.R. at 227. In light of these factors, the penalty chosen here cannot be characterized as one "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." <u>Batten</u>, 101 M.S.P.R. at 226 (quoting <u>Parker v. U.S. Postal Serv.</u>, 819 F.2d 1113, 1116 (Fed. Cir. 1987)).

In sum, we are convinced that substantial evidence supports the Board's decision, and that its decision is not arbitrary, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c). Accordingly, we must affirm the Board's final decision.

COSTS

No costs.