# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GREGORY MCINNIS,

          Appellant,

        v.

DEPARTMENT OF EDUCATION,

          Agency.

DOCKET NUMBER
CH-0752-14-0518-I-1

DATE: July 20, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gregory McInnis</u>, Indianapolis, Indiana, pro se.

<u>Eun Kim</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 In March 2011, the appellant, a GS-13 Senior Institutional Review Specialist, was counseled about his failure to comply with time and attendance reporting procedures and, in connection therewith, was notified that his use of sick leave would be restricted for a 6-month period, effective September 9, 2011, requiring him to submit medical documentation of incapacitation to support any request for approval of leave because of sickness. Initial Appeal File (IAF), Tab 14, Subtab 4(d)(4). He was again counseled in March 2012, and advised that, because he was still failing to follow procedures, the sick leave restrictions would be continued for another 6-month period. *Id.*, Subtab 4(d)(5). By memorandum of December 13, 2012, the agency placed the appellant on leave restriction for 6 more months, setting out what he was required to do in the future if he was ill and unable to report for duty, if he had scheduled medical appointments, if he was requesting annual leave, and if he was going to be arriving late to work. *Id.*, Subtab 4(d)(6). And, on June 10, 2013, based on the appellant's poor showing of compliance, the agency again extended his leave restrictions for another 6‑month period. *Id.*, Subtab 4(d)(7).

¶3 The agency removed the appellant from his position, effective January 24, 2014, based on: (1) absence without leave (AWOL); (2) failure to follow leave procedures; and (3) failure to follow instructions. IAF, Subtabs 4(a), (b), and (d).

In the first charge, the agency alleged that, on 47 occasions from December 20, 2012, to August 22, 2013, totaling 298 hours, the appellant either did not report to work for part of the day, left early, or did not report at all, that his absences were not approved in advance, and that he supplied no documentation in support of his absences. *Id.*, Subtab 4(d) at 293-94. In the second charge, the agency alleged that, on 61 occasions, again from December 20, 2012, to August 22, 2013, the appellant did not submit evidence in support of his absences or otherwise notify his supervisor in accordance with the requirements of his leave restrictions memoranda. In each specification, the agency set out the appellant's action or inaction, the explanations he provided for his absences when he provided explanations, and his failure to submit supporting documentation, as required. *Id.* at 295-303. In the third charge, the agency alleged that the appellant failed to follow instructions by not timely completing required security training and not initiating procedures for a security breach incident, resulting in the matter being reassigned to another employee for completion months later. *Id.* at 304-05. In determining to impose a removal penalty, the agency considered the appellant's past disciplinary record consisting of a 14-day suspension in February 2011, in part for his failure to follow supervisory instructions and established work procedures, and a 30-day suspension in December 2012 for AWOL and failure to follow leave requesting and reporting procedures. *Id.* at 307.

¶4     On appeal, the appellant challenged the charges and alleged that other employees had committed similar infractions but were not removed. IAF, Tab 18 at 5-6. He also raised several affirmative defenses. Specifically, he claimed that the agency's action was in retaliation for protected disclosures he made regarding the underperforming of Perot Systems contracts with Federal Student Aid (FSA).[2]

---

[2] The appellant raised this same disclosure in an individual right of action appeal he filed with the Board on November 16, 2012. In that appeal, he claimed that the agency took other personnel actions against him based on this disclosure and because he was perceived as a whistleblower. The administrative judge denied the appellant's request for corrective action. *McInnis v. Department of Education*, MSPB Docket No. CH-

*Id.* at 6-7. The appellant also alleged that the agency removed him because of complaints he filed alleging that his second-line supervisor was "intertwined" with female subordinates to whom he provided undeserved promotions, raises, and bonuses. *Id.* at 8-9. The appellant alleged disability discrimination based on a disabling knee condition, *id.* at 10-17, and military status discrimination based on his status as a disabled veteran, *id.* at 17. He requested a hearing. IAF, Tab 1 at 2.

¶5      Thereafter, the administrative judge issued an initial decision affirming the agency's action. IAF, Tab 18, Initial Decision (ID) at 1, 40. Regarding the AWOL charge, she reviewed the evidence the agency submitted in support of all the specifications, ID at 9, and noted that the appellant did not deny that he was absent during the alleged periods or that his absences were recorded as AWOL, ID at 7. She considered his claim that his absences were the result of his medical condition, but found that, of the 47 specifications, only 4 could be attributed to any illness whatsoever, that none of those related to his medical condition or disability, and that, in any event, he failed to submit leave requests and supporting documentation in connection with these absences. ID at 10. The administrative judge sustained the remaining specifications except for three instances when the appellant's supervisor acknowledged that the appellant should not have been charged AWOL because of the agency's liberal leave policy and because he did submit leave requests in connection with his arriving late or leaving early on those dates due to extreme inclement weather. ID at 11-15. Notwithstanding, the administrative judge found the AWOL charge sustained (44 occasions, 293 hours). ID at 15. Regarding the failure to follow leave procedures charge, the administrative judge found that the appellant was well aware of the procedures required, having been disciplined previously for the same

1221-13-0118-W‑2, Initial Decision at 2, 9 (Dec. 20, 2013). The initial decision became final when neither party filed a petition for review.

type of behavior. ID at 16. She further found that he did not dispute that he was absent or tardy on the dates in question, but claimed that he always notified his supervisor. The administrative judge found, however, that the agency's documentary and testimonial evidence showing that the appellant failed to comply with his leave restrictions was more credible than his contrary assertions. *Id.* As to the 61 specifications, the administrative judge sustained all except for 3 specifications having to do with the inclement weather, ID at 18, and another instance wherein the appellant requested advanced leave during a time when the agency's time and attendance database, WebTA, was malfunctioning. Notwithstanding, the administrative judge found the charge of failure to follow leave procedures sustained (57 specifications). ID at 20. She also sustained both specifications of the charge of failure to follow instructions, ID at 20‑22, and concluded that discipline for the sustained charges promoted the efficiency of the service, ID at 22‑23.

¶6        As to the appellant's affirmative defenses, the administrative judge first addressed his whistleblowing claim. She found that he failed to show that he reasonably believed that the agency's actions regarding the Perot Systems contracts evidenced a gross waste of funds, gross mismanagement, or a violation of law, rule, or regulation, ID at 26-27, and that he provided no evidence to support his claim that the agency mistakenly viewed his disclosures as protected activity, thereby perceiving him as a whistleblower, ID at 27. The administrative judge further found that, even if the appellant showed that he had made a protected disclosure or that the agency perceived him as a whistleblower, he failed to show that either was a contributing factor in his removal because of the time lapse between the disclosures and the relevant action. ID at 27-29. The administrative judge further found that, even if the appellant established that his disclosures were a contributing factor in the agency's action, the agency showed

by clear and convincing evidence that it would have removed the appellant, even absent any disclosures.[3] ID at 29‑31.

¶7 As to the appellant's claim of disability discrimination, the administrative judge found that he was disabled by his knee condition that he sustained during his time in the military and that he was a qualified individual with a disability, ID at 33-34, but that he failed to show that his removal was a result of his disability because his numerous absences were not attributed to his knee condition, but rather to other unspecific illnesses, a court appearance, home maintenance issues, a personal appointment, and a missed train, and that, for a number of the absences, he had provided no specific reasons, ID at 34-35. To the extent the appellant argued that he was treated more harshly than others when it came to his medical issues, the administrative judge found that he failed to prove that his disabling condition was a motivating factor in the agency's decision to remove him. ID at 35‑36.

¶8 The administrative judge found unsupported the appellant's allegation of military status discrimination under the Uniformed Services Employment and Reemployment Rights Act (USERRA) on the basis that his claim that the agency's action was based on his disability, as opposed to his military status, was not protected under USERRA. ID at 36-37; *see McBride v. U.S. Postal Service*, 78 M.S.P.R. 411, 414-15 (1998).

¶9 Finally, the administrative judge addressed the reasonableness of the removal penalty, finding that the deciding official carefully considered the

---

[3] In addressing the appellant's claim that the agency retaliated against him because of complaints he filed against his second-level supervisor regarding his allegedly improper actions with female subordinates to whom he provided special treatment, the administrative judge found no evidence that the appellant ever filed a sex discrimination complaint or engaged in other activity protected by 5 U.S.C. § 2302(b)(9), and that, even if he had, he did not show that the accused officials or actors in this appeal were aware of it. ID at 31‑32.

appropriate *Douglas* factors[4] in determining to impose removal for the sustained charges and that the decision was within the tolerable limits of reasonableness. ID at 37‑40.

¶10      The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 4.

¶11      On review, the appellant first argues that the agency issued the letter of decision outside of the required time frame as set forth in section 41.09 of the collective bargaining agreement; that is, no later than 15 workdays from the agency's receipt of his response to the notice of proposed removal. PFR File, Tab 1 at 3. The record does not reflect that the appellant raised any claim of harmful error below. IAF, Tab 18 (Summary of Prehearing Conference). Moreover, the administrative judge advised the parties that, if either believed her summary of the conference to be incorrect, that party must notify her within 7 days of the Order and that, in the absence of any such notice, the parties would be bound by the issues as set forth in the summary. *Id.* The appellant did not note any exception to the summary. Because he failed to preserve an objection to the absence of this claim from the issues to be considered below, he is precluded from raising it on review. *Brown v. Department of the Army*, 96 M.S.P.R. 232, ¶ 6 (2004).

¶12      In challenging the administrative judge's upholding of the AWOL charge, the appellant argues generally that, because he was on leave restriction, he was unable to record his time and attendance and that he had, in fact, been directed by his supervisor not to enter any information in WebTA. PFR File, Tab 1 at 4-5. He refers to an email allegedly sent to him by his supervisor, *id.* at 7, and the supervisor's hearing testimony, both of which he argues are supportive of his claim. However, he did not submit the email into the record, and, in fact, the

---

[4] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors, both aggravating and mitigating, that are relevant to the penalty determination in adverse action cases.

supervisor testified that, while the appellant was directed not to complete his time sheets, he remained at all times responsible for documenting reasons or justifications for taking leave. Hearing Transcript (HT) at 89-92. As such, the appellant's unsupported arguments in this regard do not outweigh the agency's contrary preponderant evidence.

¶13    The appellant challenges most, if not all, of the 44 specifications of AWOL that the administrative judge sustained.[5] PFR File, Tab 1 at 7-13. For example, the appellant argues that well more than four of the specifications were weather related, and he claims that, in these cases, he timely notified his supervisor that he would not be able to come to work and/or requested administrative leave. *Id.* at 8-9, 10-11. However, the weather-related excuses the appellant now offers are different than the excuses he offered below and are contradicted by the agency's supporting documentation. *See, e.g.*, IAF, Tab 4(d)(7). As to his other absences, the appellant insists that he reported to duty and came to work on time. PFR File, Tab 1 at 11. Again, this is not an argument the appellant raised below, and it too is contradicted by the agency's evidence. And, as to numerous other absences, the appellant claims that he notified his supervisor that he was incapacitated for duty by virtue of his being a disabled veteran. *Id.* at 11‑12. However, the appellant did not raise this argument below, and therefore the Board will not now consider it. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). In many of the other instances, the appellant offered contrary excuses below for his absences. *See, e.g.*, IAF, Tab 14, Subtab 4(d)(7). In sum, he has not supported his claims on review with any documentation, whereas the agency has, in each instance, provided documentation sufficient to establish the AWOL charge by a preponderance of the evidence.

---

[5] The appellant even challenges the three specifications that the administrative judge did not sustain. PFR File, Tab 1 at 8-9; ID at 15.

¶14      As to charge 2, failure to follow leave procedures, the appellant argues generally, as he did in his challenge to the AWOL charge, that his supervisor had directed him not to enter any information in WebTA. PFR File, Tab 1 at 13-14. As we have found, however, the appellant's supervisor testified that, while the appellant was directed not to complete his time sheets, he remained at all times responsible for documenting reasons or justifications for taking leave, HT at 89‑92, and the record includes several examples wherein he did, in fact, submit leave requests for approval, *see, e.g.*, IAF, Tab 14, Subtab 4(d)(10), (12). As for the email the appellant contends establishes the supervisor's directive that he not enter information into WebTA, as we have found, the appellant did not submit any such email into the record. Therefore, he has not shown any error in the administrative judge's finding that the agency proved this charge by preponderant evidence because the appellant was given proper instructions for requesting leave, yet failed to comply. *See Hamilton v. U.S. Postal Service*, 71 M.S.P.R. 547, 555‑57 (1996).

¶15      Regarding the first specification of charge 3, failure to timely complete security training, the appellant argues on review that he already had completed the training by means of a Department-approved workaround, told his supervisor so, and provided him a copy, even before the supervisor specifically reminded him to do it. PFR File, Tab 1 at 14. In support, the appellant refers to an email sent to staff acknowledging and describing the workaround. IAF, Tab 14, Subtab 4(d) at 228. Although the administrative judge did not specifically find that the appellant took the training by means of the workaround, she nonetheless found that he did not email the agency of his completion, as required, he therefore did not complete the training, and that, because he did not, the agency proved that he failed to follow instructions. *Id.*; ID at 21. Although the appellant argues on review that he did notify his supervisor that he had completed the training, he

submitted no evidence in support of his claim.[6] The agency, on the other hand, submitted notice of the training requirement, IAF, Tab 14, Subtab 4(d)(28), various reminders, *id.*, Subtab 4(d)(29), specific notification of the due date, *id.*, Subtab 4(d)(30), and an email showing the appellant as one of several employees who had not yet completed the training, *id.*, Subtab 4(d)(31). Therefore, the appellant has not shown error in the administrative judge's finding that the agency proved this specification. *Hamilton*, 71 M.S.P.R. at 555‑57.

¶16     As to the second specification of charge 2, failure to timely initiate certain required security breach procedures and update the results on PCNet, the appellant argues on review that this only required a call to the specific institution at issue, and, inexplicably, that the matter "was over 4 years old." PFR File, Tab 1 at 16. The administrative judge found that the appellant was given the tasks on May 29, 2013, and that, when they had not been completed by August 29, 2013, they were reassigned to another employee. ID at 22; IAF, Tab 14, Subtab 4(d)(32). The appellant's claim that the task was easily accomplished does not explain why he did not accomplish it. As such, he has not shown error in the administrative judge's finding that the agency proved this specification, and thus, the charge.

¶17     On review, the appellant challenges the administrative judge's finding that he did not establish his claim that the agency's action was taken in retaliation for his whistleblowing disclosure regarding the Perot Systems contract. PFR File, Tab 1 at 16-17. He alleges that a number of managers knew about his disclosure because they were present during discussions regarding the contract, and that the personnel action took place within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor. He also contends that the agency failed to establish that the evidence in support of the charges is clear and convincing. *Id.* In addressing the appellant's whistleblowing claim, the

---

[6] The appellant did not testify at the hearing.

administrative judge found that, based on his lack of knowledge about the contract's terms and conditions, payments made by FSA, negotiations concerning performance, or any other relevant circumstances pertaining to the agreement with Perot Systems, the appellant failed to prove that he reasonably believed that the agency engaged in a gross waste of funds, gross mismanagement, or a violation of law, rule, or regulation, and that he therefore did not establish that he made a protected disclosure.  ID at 26-27.  The appellant has not challenged that finding on review, and we discern no basis upon which to reweigh the evidence or substitute our assessment of the evidence for that of the administrative judge. *Crosby v. U.S. Postal Service*, 71 M.S.P.R. 98, 105-06 (1997).  Because the appellant failed to show that he made a protected disclosure, his claim of retaliation for whistleblowing must fail.  *See Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 5, *aff'd*, 353 F. App'x 435 (Fed. Cir. 2009).  The appellant's challenges to the administrative judge's alternate findings, that the agency established by clear and convincing evidence that it would have removed him absent any protected disclosure, cannot change that result and are therefore unavailing.

¶18        Finally, the appellant challenges on review the administrative judge's finding that he failed to establish his claim of disability discrimination.  PFR File, Tab 1 at 17.  He claims that the agency placed him on AWOL because of his disability, and denied him the use of flexiplace or other accommodations, including leave under the Family and Medical Leave Act (FMLA).  *Id.*  The appellant has not, however, shown error in the administrative judge's finding that the absences the agency relied upon in its decision to remove him were not related to the knee condition he claimed as disabling.  ID at 34.  Rather, as the administrative judge found, the record showed that the reasons the appellant provided for those absences included court appearances, unspecified illnesses not related to his knee, home maintenance matters, weather, and missed transportation, and that, in the remaining instances, he provided no explanations.

ID at 8. Therefore, the appellant has not shown error in the administrative judge's finding that the agency did not charge him AWOL because of his disability. Moreover, while he claims that the agency did not allow him to use flexiplace as it did others, he also has not challenged the administrative judge's findings that his performance was rated as unsatisfactory for FY 2012,[7] ID at 35, and that poor performance may properly be considered in the agency's decision to allow flexiplace, ID at 11; IAF, Tab 20 at 15. In addition, while the appellant asserts that the agency should have granted him leave under the FMLA, he has not shown that the administrative judge erred in finding that he never formally requested such leave, even though his supervisor suggested that he do so. ID at 13; IAF, Tab 14, Subtab 4(d)(6), (7). Further, because, as noted, the appellant did not attribute his numerous absences to his disabling medical condition or allege that he was incapacitated on the dates in question, he would not have been entitled to FMLA leave for those dates in any event. *See, e.g.*, *Jones v. U.S. Postal Service*, 103 M.S.P.R. 561, ¶ 13 (2006), *aff'd*, 248 F. App'x 160 (Fed. Cir. 2007). In sum, the administrative judge correctly found that the appellant did not establish his claim of disability discrimination because he did not show that the action appealed was based upon his disability, and because, to the extent that he claimed disparate treatment regarding the issue of possible accommodations, he failed to show that his disability was a motivating factor in the agency's decision to remove him. *Forte v. Department of the Navy*, 123 M.S.P.R. 124, ¶ 27 (2016); ID at 33‑36.

¶19 On review, the appellant also argues generally that he was denied the opportunity to furnish documentation, PFR File, Tab 1 at 21, and he has submitted such documents with his petition for review. Certain of them are news reports on the weather conditions on some of the dates at issue. *Id.* at 25‑27,

---

[7] The appellant was also denied a within-grade increase to step 7 on December 20, 2012. IAF, Tab 17 at 5‑9.

30‑37. The appellant did not, however, submit these documents below. IAF, Tab 18. His failure to show that they were unavailable prior to the close of the record below precludes them from being considered for the first time on review. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The same may be said for a document relating to train delays, although it does not appear that the date of the article coincides with any of the dates at issue. PFR File, Tab 1 at 38‑39. Other documents the appellant has submitted on review are a part of the record below, *id*. at 46-47; IAF, Tab 14, Subtab 4(d)(30), and therefore they are not new evidence. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). Finally, documents related to the appellant's alleged protected disclosure, PFR File, Tab 1 at 49-50, 53-56, are also not new. *Avansino*, 3 M.S.P.R. at 214. And, to the extent the appellant argues generally that certain documents related to his whistleblowing disclosure were not considered or mentioned, PFR File, Tab 1 at 21, it is well established that an administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision. There are several options for further review set forth in the paragraphs below. You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5

of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B)  (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.